HEARD NOVEMBER TERM, 1872.

## STATE *vs.* SIMMONS.

The Court of General Sessions being vested by the Constitution, Article IV, Section 18, with "exclusive jurisdiction over all criminal cases which shall not be otherwise provided for by law," the Legislature cannot vest in an Inferior Court "exclusive original jurisdiction of all criminal causes less than capital." The Court of General Sessions retains its jurisdiction, notwithstanding the terms of the Act.

BEFORE GRAHAM, J., AT CHARLESTON, NOVEMBER TERM, 1872.

These were separate indictments against Cain Simmons, Jack Drayton and Solomon Lyons, for murder. The verdict in each case was "guilty of manslaughter." The only point of law involved in the appeal is fully stated in the opinion of the Court.

*Chamberlain* and *Seabrook,* for appellant, relied upon *The State* vs. *Garner,* 14 Rich., 143, and *The State* vs. *Ellison,* 14 Rich., 199; they also cited *Harris* vs. *Oberly,* 1 Rice Dig., 187; Brigh. Dig., 507.

*Buttz,* Solicitor, contra: The Constitution, Article IV, Section 18, provides that "the Court of General Sessions shall have exclusive jurisdiction over all criminal cases which shall not be otherwise provided for by law." Under this provision the Legislature may confer upon an Inferior Court equal or concurrent jurisdiction

with the Court of General Sessions, but not exclusive jurisdiction. It follows that the Act of 1872, so far as it attempts to confer upon the Inferior Criminal Court of Charleston exclusive jurisdiction in all cases less than capital is void. Notwithstanding the term " exclusive," the Court of General Sessions retains the jurisdiction vested in it by the Constitution, and the jurisdiction of the two Courts in cases less than capital is concurrent.

Jan. 3, 1873. The opinion of the Court was delivered by

MOSES, C. J. The three cases are separate and distinct, but the points to be settled by the appeals are identically the same.

By the 1st Section of the 4th Article of the Constitution, the judicial power of the State is " vested in a Supreme Court, in two Circuit Courts, to wit: A Court of Common Pleas, having civil jurisdiction, and a Court of General Sessions, with criminal jurisdiction only ; in Probate Courts, and in Justices of the Peace. The General Assembly may also establish such municipal and other Inferior Courts as may be deemed necessary."

By the 18th Section of the same Article it is ordained that " the Court of General Sessions shall have exclusive jurisdiction over all criminal cases which shall not be otherwise provided for by law."

The Act of March 13th, 1872, (No. 145), 15 Stat., 187, establishes " in the County of Charleston an Inferior Court for the trial of criminal cases, to be called the Criminal Court of Charleston County, and which shall be organized by the Judge thereof immediately after his election." The 4th Section provides that " the Criminal Court shall have exclusive appellate jurisdiction of all criminal causes from the Courts of Trial Justices for Charleston County, and exclusive original jurisdiction of all criminal causes less than capital, and not at present conferred by law upon the Courts of Trial Justices."

At the November Term, 1872, of the General Sessions of the County of Charleston, the three defendants were separately indicted for the crime of murder, and in each case the jury returned a verdict of " guilty of manslaughter." They moved the Judge in arrest of judgment, " That the General Assembly, having declared by Act that the Criminal Court for Charleston County shall have exclusive original jurisdiction of all offenses less than capital, this Court has no more right to administer punishment upon a conviction therein had for manslaughter than it has to hear, try and determine an

indictment for this offense." The motion was overruled, and a reversal of the judgment is asked here, on the ground taken in the Court below.

The question involves the constitutionality of the Act of 1872, so far as it provides for the exclusive jurisdiction by the Inferior Court, " of all criminal causes less than capital," and must be determined by the construction which may be given to the words, " which shall not be otherwise provided for by law." Do they so qualify the power conferred on the Court of General Sessions as to reserve to the Legislature the right to deprive it of all jurisdiction over criminal offenses less than capital, or are they to be held in subordination to its right to vest some other Court with concurrent jurisdiction in the cases referred to ?

The Courts of General Sessions, as they have existed in this State, at least from 1734, (7 Stat., 184,) have exercised all the powers of the King's Bench in England. By the Constitution it is recognized as a superior tribunal, and, unless restricted by that instrument, may still claim all the common law jurisdiction which pertains to the King's Bench. In *State* vs. *Walker*, 14 Rich., 37, it is said : " Within its jurisdiction fall all prosecutions on behalf of the State, even when jurisdiction is given to another tribunal by words not plainly exclusive."

In *Peacock* vs. *Bell and Kendall*, 1 Saund., 746, the Court said : " And the rule of jurisdiction is that nothing shall be intended to be out of the jurisdiction of a Superior Court, but that which especially appears to be so ; and, on the contrary, nothing shall be intended to be within the jurisdiction of an Inferior Court but that which is so expressly alleged." To deprive the Court of General Sessions of jurisdiction in a criminal case, it must be clearly apparent, by the Constitution, from which it derives its power, that it is not of the class of offenses intended to be committed to it.

The Act of 1872 proposes to take from it the trial of every criminal case, except that for murder, which is the only offense now held capital by the laws of the State, by conferring exclusive authority over all of them on an Inferior Court. The clause of the Constitution, while it vested the Court of Sessions " with exclusive jurisdiction over all criminal cases," did not propose to restrain the Legislature from organizing other Courts, with concurrent jurisdiction over such cases. The first Section of the fourth Article, after enumerating the Courts in which the judicial power of the State

shall be vested, provides: "The General Assembly may also establish such municipal and other Inferior Courts as may be deemed necessary." While such other Courts might be established with like jurisdiction as the Courts of General Sessions possessed, this would not affect the powers of these last, except as to their exclusive character, conferred by the Constitution. The word " which " must refer to "criminal cases," which last words immediately precede it, and as against such as might be otherwise provided by law, the exclusive jurisdiction of the General Sessions could not prevail. It was the retention of exclusive authority that the provision was intended to prevent, for if it had been omitted, the Legislature, without a change of the Constitution, could never have vested any other Court with equal and concurrent jurisdiction in such cases. Was the Court of General Sessions, by the said eighteenth Section, vested with jurisdiction or exclusive jurisdiction? By what rule of grammatical construction can the adjective which denotes or expresses " the quality of the thing named," or defines its character, be rejected? The Constitution declares the extent of the power—it made it exclusive—save as otherwise provided for by law. Any transposition of the words would only create a combination from which no conclusion could be inferred, other than that which would hold the provision as only affecting the exclusive jurisdiction of the Court.

The Act of 1872 undertakes, except as to the charge of murder, to exclude the Courts of General Sessions from all jurisdiction in criminal cases, and, so far as it thus proposes, we hold it in violation of the Constitution, and therefore void.

The motion in each of these cases is dismissed.

*Wright*, A. J., and *Willard*, A. J., concurred.